UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN C. MOREIRA, individually and on behalf of
others similarly situated,

                    Plaintiff,

          -against-

CHOKEDEE LLC (D/B/A LITTLE BASIL THAI
RESTAURANT), ROD AROY 153 INC. (D/B/A
LITTLE BASIL THAI RESTAURANT), ROD AROY
LLC, PHANNITA YITHO and KAO DOE,

                    Defendants.

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____             │
│ DATE FILED: 6/19/2019                │
└─────────────────────────────────────┘
```

18 Civ. 3261 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On April 13, 2018, Plaintiff filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law. ECF No. 1. On February 26, 2019, the parties notified the Court that they reached a settlement (the "Proposed Settlement"), ECF No. 54-1, and moved for approval of their settlement agreement (the "Joint Letter"), ECF No. 54. On May 8, 2019, the Court denied the parties request to approve the Proposed Settlement because Chokedee LLC, Rod Aroy 153 Inc. and Rod Aroy LLC (the "Corporate Defendants") were not represented by counsel. ECF No. 55. On May 21, 2019, the parties renewed their request for settlement approval. ECF No. 56. For the reasons stated below, the motion to approve the Proposed Settlement is DENIED.

**DISCUSSION**

I.    Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts

consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). Courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

II.    Analysis

The Corporate Defendants were not represented by counsel. *See* Joint Letter at 3 ("[T]he Agreement is the product of arms-length bargaining between experienced counsel on Plaintiff's side and [] *pro se* defendants."). By letter dated May 21, 2019, Plaintiff's counsel stated that he would "file a notice of voluntary dismissal, without prejudice" against the Corporate Defendants. ECF No. 56. Plaintiff further requested that the Court approve the settlement agreement. *Id.* However, it is well established that "a layperson may not represent a separate legal entity such as a corporation." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007). Accordingly, the Court cannot approve the Proposed Settlement because one of the Corporate Defendants, Rod Aroy 153 Inc., is a party to the agreement. Proposed Settlement at 1, 6.

Turning to attorneys' fees, the Second Circuit favors the percentage-of-the-fund method of calculating attorneys' fees because it "directly aligns the interests of [Plaintiff] and [her] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 121 (2d Cir. 2005). As a check on the reasonableness of attorneys' fees, however, courts still calculate the total cost of attorneys' hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *5 (S.D.N.Y. Feb. 1, 2010). Although "there is a strong presumption that the lodestar figure is reasonable, it may be adjusted by a multiplier when it does not adequately take into account a fact that may properly be considered in determining a reasonable fee." *Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906,

2015 WL 40006896, at *3 (S.D.N.Y. July 1, 2015) (internal quotation marks omitted) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010)).

Plaintiff calculates a $3,355 lodestar for the work performed by Michael Faillace & Associates, P.C.  Joint Letter at 6; Billing Records at 2, ECF No. 54-2.  Michael Faillace billed 4.4 hours on the matter at a rate of $450 per hour.  Billing Records at 1.  This rate is reasonable as Faillace is the managing member of the firm, has been practicing since 1983, and has taught employment discrimination at Fordham University and Seton Hall University law schools.  Joint Letter at 4–5; *see also Surdu v. Madison Glob., LLC*, No. 15 Civ. 6567, 2018 WL 1474379, at *10 (S.D.N.Y. Mar. 23, 2018) (finding reasonable Faillace's hourly rate of $450).  Joshua Androphy billed 3.4 hours at a rate of $400 per hour.  Billing Records.  This rate is also reasonable as Mr. Androphy has significant experience "litigating all aspects of individual, collective, and class action employment claims."  Joint Letter at 5; *see also Pineda v. Frisoling, Inc.*, No. 15 Civ. 3774, 2018 WL 4658798, at *4 (S.D.N.Y. Jan. 15, 2018) (finding reasonable Androphy's hourly rate of $400).  Accordingly, the Court finds that the requested hourly rates are reasonable.

Plaintiff, however, seeks $8,333 in attorneys' fees and costs.  Joint Letter at 4.  This results in a lodestar multiplier of 2.48.  This multiplier is unreasonable in light of the early resolution of the case and the lack of complexity.  *See Velandia v. Serendipity 3, Inc.*, No. 16 Civ. 1799, 2018 WL 3418776, at *5 (S.D.N.Y. July 12, 2018) (finding multiplier of 1.2 to be reasonable); *see also Cortes v. New Creators, Inc.*, No. 15 Civ. 5680, 2016 WL 3455383, at *9 (S.D.N.Y. June 20, 2016) (collecting cases and applying a multiplier of 1.24).  Accordingly, the multiplier is reduced to 1.5, resulting in an award of $5,032.

For the reasons stated above, the parties' motion for settlement approval is DENIED.  By **June 26, 2019**, Plaintiff shall file a notice of voluntary dismissal against the Corporate Defendants.  By **July 3, 2019**, the parties shall file a revised proposed settlement agreement.  The revised settlement agreement shall (1) remove the Corporate Defendants and (2) reduce the attorneys' fees as directed in this order.  The difference between the proposed attorneys' fees in the Proposed Settlement and in the revised proposed settlement agreement shall be payable to Plaintiff. The revised settlement agreement shall also state the total amount of the recovery allocated to Plaintiff and the total amount allocated to Plaintiff's attorneys.

SO ORDERED.

Dated:  June 19, 2019
        New York, New York

ANALISA TORRES
United States District Judge

3