**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Juan C. Moreira *individually and on behalf of others similarly situated,* | **18-cv-03261-AT** |
| Plaintiff, | **SETTLEMENT AGREEMENT**<br>**AND**<br>**RELEASE** |
| -against- | |
| Chockedee LLC (d/b/a Little Basil Thai Restaurant), Rod Aroy 153 Inc. (d/b/a Little Basil Thai Restaurant), and Rod Aroy LLC, Phannita Yitho and Kao Doe, | |
| *Defendants.* | |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Juan C. Moreira ("Plaintiff Moreira") on the one hand and Phannita Yitho ( "Defendant"), on the other hand.

WHEREAS, Plaintiff Moreira alleges that he worked for Defendant as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Moreira's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-03261-AT (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendant denies any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendant shall pay or cause to be paid to Plaintiff Moreira, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Moreira may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Moreira, the gross sum of Twenty-Five Thousand Dollars and No Cents (**$25,000.00**) (the "Settlement Amount") to be paid to Plaintiff Moreira's attorneys in Six ("6") installments, as

follows:

    (a)      Installment One: A payment of Four Thousand One Hundred Sixty-Six Dollars and Sixty-Six Cents ($4,166.66) consisting of (1) One check in the amount of Three Thousand Three Hundred Twenty-Seven Dollars and Ninety-Nine Cents ($3,327.99) made payable to Juan C. Moreira, and (2) One check in the amount of Eight Hundred Thirty-Eight Dollars Dollars and Sixty-Seven Cents ($838.67) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Moreira", for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiff Moreira's counsel.

    (b)      Installment Two: A payment of Four Thousand One Hundred Sixty-Six Dollars and Sixty-Six Cents ($4,166.66) consisting of (1) One check in the amount of Three Thousand Three Hundred Twenty-Seven Dollars and Ninety-Nine Cents ($3,327.99) made payable to Juan C. Moreira, and (2) One check in the amount of Eight Hundred Thirty-Eight Dollars Dollars and Sixty-Seven Cents ($838.67) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Moreira", for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiff Moreira's counsel.

    (c)      Installment Three: A payment of Four Thousand One Hundred Sixty-Six Dollars and Sixty-Six Cents ($4,166.66) consisting of (1) One check in the amount of Three Thousand Three Hundred Twenty-Seven Dollars and Ninety-Nine Cents ($3,327.99) made payable to Juan C. Moreira, and (2) One check in the amount of Eight Hundred Thirty-Eight Dollars Dollars and Sixty-Seven Cents ($838.67) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Moreira", for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiff Moreira's counsel..

    (d)      Installment Four: A payment of Four Thousand One Hundred Sixty-Six Dollars and Sixty-Six Cents ($4,166.66) consisting of (1) One check in the amount of Three Thousand Three Hundred Twenty-Seven Dollars and Ninety-Nine Cents ($3,327.99) made payable to Juan C. Moreira, and (2) One check in the amount of Eight Hundred Thirty-Eight Dollars Dollars and Sixty-Seven Cents ($838.67) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Moreira", for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiff Moreira's counsel.

    (e)      Installment Five: A payment of Four Thousand One Hundred Sixty-Six Dollars and Sixty-Six Cents ($4,166.66) consisting of (1) One check in the amount of Three Thousand Three Hundred Twenty-Seven Dollars and Ninety-Nine Cents ($3,327.99) made payable to Juan C. Moreira, and (2) One check in the amount of Eight Hundred Thirty-Eight Dollars Dollars and Sixty-Seven Cents ($838.67) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Moreira", for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiff Moreira's counsel.

    (f)      Installment Six: A payment of Four Thousand One Hundred Sixty-Six Dollars and Seventy Cents ($4,166.70) consisting of (1) One check in the amount of Three Thousand Three Hundred Twenty-Eight Dollars and Three Cents ($3,328.03) made payable to Juan C. Moreira, and (2) One check in the amount of Eight Hundred Thirty-Eight Dollars and Sixty-Seven Cents ($838.67) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Moreira", for immediate deposit Thirty Days (30) after court approval of the

settlement agreement, delivered to Plaintiff Moreira's counsel.

(g)     Within 30 days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

(a).     Concurrently with the execution of this Agreement, Defendant Phannita Yitho, shall execute and deliver to  Moreira's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibit A.  The Parties hereby acknowledge and agree that the Confession of Judgments will be held in escrow by Plaintiff Moreira's hereby irrevocably and unconditionally releases counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendant fails to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear  Moreira's  counsel's escrow account, or Defendant fails to deliver the payments to  Moreira's counsel within thirty days of the Court approving the Agreement, and (ii) Defendant fails to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendant by first class mail and electronic mail). Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2.     Release and Covenant Not To Sue:  Plaintiff Moreira hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendant, her heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives  and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff Moreira at any time has, had, claims or claimed to have against Defendant relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendant releases and discharges Plaintiff Moreira from any and all known claims, and liabilities of any kird that they have, had or claimed to have against Plaintiff Moreira relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3.     No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendant of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.     Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Moreira and Defendant.

5.     Acknowledgments:  Plaintiff Moreira and Defendant acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.    Notices:  Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiff Moreira:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:
Phannita Yitho
Little Basil
153 E 26th St,
New York, NY 10010
Littlebasil153@gmail.com

7.    Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.    Enforceability:  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Moreira agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.    Release Notification:  Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Moreira acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.  Plaintiff Moreira confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understand the terms of this Agreement and that he is signing this Agreement voluntarily.

10.    Counterparts:  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures,

which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____          Date: _____
      JUAN C. MOREIRA

DEFENDANTS:

By: _____          Date: _____
      PHANNITA YITHO

notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____    Date: 7/9/2019
    JUAN C. MOREIRA

DEFENDANTS:

By: _____    Date: 07/19/2019
    PHANNITA YITHO

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – x

Juan C. Moreira *individually and on behalf*
*of others similarly situated,*                              :

                                                            :    Index No.:

                Plaintiff,                                  :

                                                            :

                -against-                                   :    **AFFIDAVIT OF CONFESSION OF**

                                                            :    **JUDGMENT**

Chockedee LLC (d/b/a Little Basil Thai            :
Restaurant), Rod Aroy 153 Inc. (d/b/a            :
Little Basil Thai Restaurant), and Rod            :
Aroy LLC, Phannita Yitho and Kao Doe,            :

                                                            :

                                                            :

                *Defendants.*

– – – – – – – – – – – – – – – – – – – – – – – – – x

STATE OF NEW YORK          )
                                          : ss.:
COUNTY OF                        )

1.        I reside in _____ County.

1.        I, Phannita Yitho, am the President of Rod Aroy 153 Inc. (d/b/a Little Basil Thai Restaurant). I am duly authorized to make this affidavit of confession of judgment on behalf of Rod Aroy 153 Inc. (d/b/a Little Basil Thai Restaurant).

3.        Rod Aroy 153 Inc. (d/b/a Little Basil Thai Restaurant) maintains its principal place of business in New York County at 153 E 26th Street New York, New York 10010.

4.        Pursuant to the terms of the Settlement Agreement and Release by and between Juan C. Moreira ("Plaintiff") and, Phannita Yitho ("Defendant"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against myself personally and against Rod Aroy 153 Inc. (d/b/a Little Basil Thai Restaurant) in favor of Plaintiff for the sum of Thirty Thousand Dollars and No Cents ($30,000.00), less any payments made under the Settlement Agreement.

5.        This affidavit of confession of judgment is for a debt justly due to Plaintiffsunder the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendant is to submit a total sum of $25,000.00 to Plaintiffs.

6.        This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendant, including, without limitation, the terms and provisions of the Settlement Agreement.

7.    I hereby represent my understanding that upon Defendant's breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $30,000.00 (less any amounts already paid to Plaintiff pursuant to the above schedule), against myself personally and against Rod Aroy 153 Inc. (d/b/a Little Basil Thai Restaurant), jointly and severally.

By: _____
                           Phannita Yitho
              Individually, and on behalf of Rod Aroy 153
              Inc.

STATE OF _New York_
                    : ss.:

On _July 22_, 2019, before me personally came _Phannita Yitho_, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the <u>President</u> of Rod Aroy 153 Inc, the parties described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Rod Aroy 153 Inc. and was authorized to do so.

_____
      Notary Public

JOSHUA S. ANDROPHY
Notary Public, State of New York
No. 02AN6166515
Qualified in New York County
Commission Expires August 17, 2015
              Jan. 8, 2020