```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/2019
```

JUAN C. MOREIRA, individually and on behalf of others similarly situated,

                Plaintiff,

             -against-                          18 Civ. 3261 (AT)

PHANNITA YITHO,                             **ORDER**

                Defendant.

ANALISA TORRES, District Judge:

      On April 13, 2018, Plaintiff filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law. ECF No. 1. On February 26, 2019, the parties notified the Court that they reached a settlement, (the "Proposed Settlement"), ECF No. 54-1, and moved for approval of their settlement agreement (the "Joint Letter"), ECF No. 54. On May 8, 2019, the Court denied the parties request because Chokedee LLC, Rod Aroy 153 Inc. and Rod Aroy LLC (the "Corporate Defendants") were not represented by counsel. ECF No. 55. On May 21, 2019, the parties renewed their request for settlement approval. ECF No. 56. On June 19, 2019, the Court denied the parties' request because the Corporate Defendants were still a party to the Proposed Settlement (the "June 19 Order"). June 19 Order, ECF No. 57. The Court ordered the parties to file a revised settlement agreement removing the Corporate Defendants and reducing the attorney's fees as directed in the order. *Id.* at 3. On July 8, 2019, Plaintiff filed a stipulation of voluntary dismissal without prejudice as to Defendants Chokedee LLC (d/b/a Little Basil Thai Restaurant), Rod Aroy 153 Inc. (d/b/a Little Basil Thai Restaurant), Rod Aroy LLC, and Kao Doe. ECF No. 61. On August 1, 2019, the parties filed a modified settlement proposal (the "Settlement"). Settlement, ECF No. 62. For the reasons stated below, the motion to approve the Settlement is GRANTED.

## DISCUSSION

    I.    <u>Legal Standard</u>

      The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

      In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See*

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). Courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

II.   Analysis

The Settlement provides for Defendant to pay a total of $25,000, with Plaintiff to receive $19,967 and Plaintiff's counsel to receive $5,032. Settlement § 1. The parties' joint letter identifies Plaintiff's total possible recovery, if he were to succeed on all of his wage and hour claims, to be $45,000. Letter at 3. The parties also assert that one of their primary motivators in reaching the Settlement was Plaintiff's "limited range of recovery given Defendant['s] financial position." *Id.* The Settlement "enables the [p]arties to avoid the burden and expense of trial. *Id.* Additionally, the parties state that they engaged in arms-length bargaining, and there is no evidence of fraud or collusion. *Id.* The Court, therefore, concludes that the Settlement satisfies each of the *Wolinsky* factors.

By voluntarily dismissing the action against the Corporate Defendants, the parties have cured the major deficiency with the Proposed Settlement. Moreover, the release provision in the Settlement is not overly broad as it releases Defendant from any claims Plaintiff "has, had, claims or claimed to have against Defendant relating specifically to the claims in the [l]itigation that have occurred as of the Effective Date of this Agreement." Settlement § 2. The Settlement

also contains no confidentiality provision.  Nor does it restrict Plaintiff's future employment opportunities.  The Court is, therefore, satisfied that the Settlement is fair and reasonable.

Turning to attorney's fees, the June 19 Order determined that Plaintiff's counsels' proposed hourly rates and hours were reasonable.  June 19 Order at 3.  The Court, however, found that the lodestar multiplier of 2.48 was unreasonable "in light of the early resolution of the case and the lack of complexity." *Id.*  Accordingly, the Court reduced the multiplier to 1.5, resulting in a total award of $5,032 in attorney's fees.  *Id.* The Settlement complies with the June 19 Order.  *See* Settlement § 1 (providing that Plaintiff receives $19,967 in settlement funds and Plaintiff's attorneys receive $5,032).

For the reasons stated above, the parties' motion for settlement approval is APPROVED.  The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: August 7, 2019
       New York, New York

_____
ANALISA TORRES
United States District Judge